NINO SANZOGNO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2278–70.    Filed September 20, 1973.

*Barry L. Weinstein*, for the petitioner.
*Alan M. Jacobson*, for the respondent.

SUPPLEMENTAL OPINION

GOFFE, *Judge:* Respondent determined deficiencies in the Federal income tax of petitioner for the taxable years 1965 and 1966 in the amounts of $1,604.10 and $4,834, respectively.

Petitioner filed a motion to sever the issue of whether assessment of the tax for the taxable year 1965 was barred by the statute of limitations. We granted the motion and the facts relating to that year were stipulated by the parties. We decided the severed issue in favor of petitioner and our opinion is reported at 60 T.C. 321 (1973). We held in that opinion that the U.S. Departing Alien Income Tax Return (Form 1040C return) filed by petitioner prior to departing from the United States constituted a return for purposes of sections 6011 and 6501 of the Internal Revenue Code.[1] The Commissioner mailed the statutory notice of deficiency to petitioner more than 3 years after petitioner filed the Form 1040C return covering the period from January 1, 1965, to October 19, 1965; therefore, the period of limitations expired before the statutory notice was mailed. Sec. 6501(a), 1954 Code.

Because of our holding with respect to the taxable year 1965, the parties filed a joint motion to sever the identical issue with respect to the taxable year 1966 which motion we granted on September 5, 1973.

The Court held a further trial and received a supplemental stipulation of facts and a stipulation that the issue was whether the Form 1040C return constituted a return for purposes of the running of the period of limitations on assessment.

The supplemental stipulation of facts and exhibits attached thereto are incorporated herein and adopted as our findings. The facts found in our prior opinion will not be repeated here.

Petitioner, during the calendar year 1966, was a citizen and resident of Italy and did not speak or comprehend the English language. He entered the United States on September 26, 1966, and remained until November 5, 1966, for the purpose of performing as an orchestra conductor for the Lyric Opera of Chicago in Chicago, Ill.

He received as compensation from Lyric Opera $17,200 from which $5,160 was withheld.

On November 7, 1966, petitioner filed with the district director of internal revenue at Manhattan, New York, a U.S. Departing Alien Income Tax Return, Form 1040C, covering the period from January 1, 1966, to November 6, 1966. On such return he reported his com-

---

[1] All references herein are to the Internal Revenue Code of 1954, as amended.

pensation from Lyric Opera of $17,200 and claimed itemized deductions aggregating $9,579.18, detailed in a separate schedule attached. The schedule bears a "Disallow" column which indicates the return was examined by the district director.

The Lyric Opera advised the district director in Manhattan by letter that upon proper authorization from the district director it would refund to petitioner the withheld tax in excess of the tax due on the return for 1966.

The district director, on November 7, 1966, by reason of the filing of Form 1040C: (1) declared petitioner's taxable year 1966 terminated as of November 6, 1966; (2) certified that petitioner had satisfied all requirements of the Internal Revenue Code and Regulations relating to departing aliens; and (3) advised the Lyric Opera that petitioner had claimed credit for income tax withheld only to the extent of the total tax liability shown on the return and that the $5,653.55 of tax withheld could be refunded directly to petitioner.

Petitioner did not file a U.S. Nonresident Alien Income Tax Return, Form 1040B, for the taxable year 1966, and he did not reenter the United States during 1966 after having departed on November 5, 1966.

On November 19, 1969, the Commissioner mailed to petitioner at his address in Italy, a statutory notice of deficiency in which he determined deficiencies in income tax for the taxable years 1965 and 1966. Such statutory notice was mailed more than 3 years after petitioner filed the Form 1040C for the taxable year January 1, 1966, to November 6, 1966. The Commissioner determined for 1966 that petitioner did not file a return, that petitioner received income from his profession as a conductor for Lyric Opera in the amount of $17,200 which he had not reported for U.S. income tax purposes, and allowed petitioner no deductions or exemptions.

The question presented for the taxable year ended November 6, 1966, is identical to the issue presented for the taxable year ended October 19, 1965, which is discussed in detail in our opinion filed on June 4, 1973.

There have been no cases decided since we rendered our prior opinion which bear upon the issue presented. Accordingly, we hold that the Form 1040C filed by petitioner on November 7, 1966, covering the taxable year ended November 6, 1966, constituted an income tax return for purposes of sections 6011 and 6501 of the Internal Revenue Code. Therefore, the period of limitations on assessment expired before the Commissioner mailed his statutory notice of deficiency covering the taxable year 1966.

We note that the schedule of expenses bears a column entitled "Disallow" which sets forth four items which are less than those

enumerated for the specific items of expense. The total of this column, $485, is subtracted from the total expenses of $9,579.18 and the difference, $9,094.18, is carried to the face of the return as the expenses deducted. As in the case of the return for the taxable year ended October 19, 1965, we conclude that the return for the taxable year ended November 6, 1966, was examined by an agent of the Commissioner and that $485 of petitioner's deductions were disallowed.

We now hold, therefore, that the period of limitation on assessment expired before the Commissioner mailed his statutory notice of deficiency herein with respect to both of the taxable years covered by the statutory notice of deficiency.

*Decision will be entered for the petitioner.*